{¶ 21} I fully concur with the reasoning and decision of the majority opinion. I write separately to express that, unlike the dissent, I do not find the record demonstrates an inherently coercive choice was presented to appellant. Presenting opponents with alternatives to "all or nothing" solutions, and thereby avoiding the costs and emotional strain of litigation, is a regular occurrence in trial practice. All settlement negotiations require such give and take. The Ohio Supreme Court has defined "undue influence" as "[a]ny improper or wrongful constraint, machination, or urgency of persuasion whereby the will of a person is overpowered and he is induced to do or forbear an act which he would not do or would do if left to act freely." Marich v. KnoxCty. Department of Human Serv. (1989), 45 Ohio St.3d 163, 166, quoting Black's Law Dictionary (5. Ed. 1979) 1370. Appellant was represented by counsel throughout the proceedings at issue, and there existed no guarantee that SCDJFS would have won its permanent custody case as to any of the children had the offer been rejected. I therefore find appellant has failed to demonstrate an overpowering of her will under the circumstances presented. Marich, supra.